IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WANDA PATTERSON,

     Plaintiff,

v.

DELTA AIR LINES, INC.,

     Defendant.

CIVIL ACTION NO.
1:23-cv-03321-SEG-RDC

## <u>ORDER</u>

Defendant Delta Air Lines, Inc. has moved for the entry of a protective order. (Doc. 23). The parties agree that a protective order is appropriate to govern the disclosure and use of confidential information; however, they disagree over the specific terms of such an order. The parties' dispute concerns the propriety of a *"Highly Confidential – Attorneys' Eyes Only"* designation, as well as challenges to confidentiality designations, sealing procedures, claw-back procedures, and data-breach procedures. Defendant has submitted a proposed protective order that Plaintiff rejected. (Doc. 23-1). And both parties have submitted sample protective orders to support their respective positions. *See* (Doc. 23-2; Doc. 25-1).

Because the parties could not agree on the terms of a protective order, the matter is left to the Court's discretion. *See United States ex rel. Edler v. Escambia*

*Cnty.*, 344 F.R.D. 345, 352 n.9 (N.D. Fla. 2023) ("Ultimately, the trial court has broad discretion to decide when a protective order is appropriate and what degree of protection is required." (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). The undersigned agrees with the parties that a protective order is appropriate here. *See* Fed. R. Civ. P. 26(c)(1) (providing that a court may enter a protective order for good cause).

Having reviewed and considered the parties' arguments, Defendant's proposal, the sample orders, plus standard confidentiality provisions commonly seen in employment-discrimination disputes, the motion for protective order is **GRANTED IN PART** pursuant to the terms of the **Confidentiality & Protective Order** attached as **<u>Exhibit A</u>**. The undersigned concludes that the Confidentiality & Protective Order represents "just terms" for the disclosure and use of confidential information, given the nature of the claims and needs of the parties. *See* Fed. R. Civ. P. 26(c)(2).

Rather than go through and discuss each provision of the Confidentiality & Protective Order, the undersigned has included a redlined version of the Order marked against Defendant's proposal, attached as **<u>Exhibit B</u>**. This way the parties can see for themselves the changes and compromises that the undersigned deemed just and appropriate under the circumstances. *See Escambia Cnty.*, 344 F.R.D. at 352 n.9; Fed. R. Civ. P. 26(c)(2).

One issue merits further discussion, however—Defendant's request to designate certain material as *"Highly Confidential – Attorneys' Eyes Only."* A restriction to attorneys' eyes only ("AEO") may be appropriate in some cases, "but it is usually employed in very limited situations such as cases involving trade secrets." *Classic Soft Trim, Inc. v. Albert*, No. 6:18-cv-1237, 2020 WL 13593864, at *3 (M.D. Fla. Jan. 15, 2020). The reason AEO restrictions are generally disfavored is that they "limit[] the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions." *Id.* (citation omitted). In order to justify an AEO restriction, the requesting party must make out a particular and specific demonstration of harm (usually vis-à-vis business competition) that outweighs the interests of the opposing party. *Id.*; *cf. Sony Comput. Ent. America, Inc. v. NASA Elec. Corp.*, 249 F.R.D. 378, 383 (S.D. Fla. 2008) (finding that an AEO restriction was appropriate for certain highly confidential information in a trademark-infringement dispute).

Defendant has failed to make the requisite showing. As part of her disability-related claims, Plaintiff alleges that she requested to work remotely because environmental pollutants created by construction projects at Defendant's facilities at the Atlanta Hartsfield-Jackson Airport caused her to experience adverse health effects. *See* (Doc. 1 ¶¶ 1, 15, 17, 19–21, 30). She has therefore requested documents related to those construction projects. *See* (Doc. 23-3 ¶¶ 19, 41). Defendant suggests

that such documents could include sensitive business information and trade secrets, but the company hasn't elaborated.[1] Defendant hasn't given the Court any particularized, non-conclusory description of the information it believes deserves AEO protection *or* the harm that might result if AEO protection is denied. Thus, the undersigned concludes that AEO protection is unnecessary.[2]

The parties are **ORDERED** to comply with the attached Confidentiality & Protective Order. The Court retains the discretion to modify its terms at any time. *See F.T.C. v. AbbVie Products LLC*, 713 F.3d 54, 61 (11th Cir. 2013).

IT IS SO **ORDERED** on this 5th day of March 2024.

_____
REGINA D. CANNON
United States Magistrate Judge

---

[1] Defendant also argues that AEO protection is necessary to protect non-party personnel documents. (Doc. 23 at 7; Doc. 26 at 3). While such documents do merit protection, they are routinely disclosed pursuant to ordinary non-AEO confidentiality safeguards like those in the attached Confidentiality & Protective Order.

[2] To be clear, the undersigned offers no opinion on the scope and relevance of Plaintiff's discovery requests.

4

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| |
|---|
| **WANDA PATTERSON,** |
| **Plaintiff,** |
| **vs.** |
| **DELTA AIR LINES, INC.,** |
| **Defendants.** |

Civil Action No. 1:23-cv-03321-SEG-CCB

## CONFIDENTIALITY & PROTECTIVE ORDER

For good cause shown, the Court hereby enters the following Confidentiality & Protective Order:

1.     This Order shall govern the disclosure of materials designated as "**Confidential Material**" in this litigation. Nothing in this Order shall constitute a waiver of any applicable privilege or objection to a discovery request propounded by the opposing party.

### Definition of Confidential Material

2.     Confidential Material, as used in this Order, includes without limitation the following materials and categories of materials produced in any medium by any party or non-party to this action, including all originals, copies, drafts, and revisions thereof and information contained therein:

> Materials relating to any privileged, confidential, or non-public information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing,

1

>planning, personal, or commercial information, as such terms
>are used in the Federal Rules of Civil Procedure (Fed. R. Civ.)
>and any applicable case law interpreting Fed. R. Civ.
>26(c)(1)(G); contracts; non-public compilations of retail
>prices; proprietary information; vendor agreements; training
>materials; claim/litigation information; personal identifying
>information (*e.g.*, social security numbers, home addresses,
>phone numbers, email addresses); non-party personnel files
>and employment documents; non-party medical information;
>and non-public policies and procedures.

The parties shall not designate as confidential information that is already public knowledge.

3.      The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

**Procedure for Designating Information as Confidential**

4.      To designate information as confidential, the producing party ("**Producing Party**") shall mark Confidential Material with the legend "CONFIDENTIAL." The Producing Party shall designate as "CONFIDENTIAL" only material which the Producing Party reasonably and in good faith believes is Confidential Material and entitled to protection under this Order. The receiving party ("**Receiving Party**") may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made. The parties must abide by the following specific designation procedures, as applicable:

>a. Information on a disk or other electronic format (*e.g.*, a
>native format production) may be designated confidential by
>marking the storage medium itself (or the native file's title)
>with the legend "CONFIDENTIAL." The Receiving Party

shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within ten (10) days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 10-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony.  During such 10-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" legend to the designated pages and segregate them as appropriate.

5.     The Producing Party may change the confidentiality designation of materials it has produced, as follows: (1) The Producing Party must give the Receiving Party written notice of the change by identifying the documents or information at issue, and once such notice is given, the Receiving Party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation; (2) Within a reasonable period after giving notice, the Producing Party must reproduce the documents or information in a format that contains the new designation; (3) If such information has been disclosed to persons not qualified pursuant to paragraph 10 below, the party who disclosed such information shall (a) advise such persons that the material is confidential;

and (b) request the recipient of any inadvertent disclosure return and/or destroy the previously disclosed Confidential Material.

**Information Security Protections**

6.      If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Material, the Receiving Party shall promptly notify the Producing Party of any such breach or suspected breach and reasonably identify the scope of the breach or suspected breach to the extent known by the Receiving Party, in accordance with paragraph 12 below.

**Claw-back Provisions**

7.      Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree to and the Court orders protection of privileged and otherwise protected documents ("**Protected Documents**") against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

> (a)   The inadvertent disclosure or production of Protected Documents by a Producing Party shall in no way constitute the voluntary disclosure of such document.

> (b)   The inadvertent disclosure or production of any Protected Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)    If, during the course of this litigation, any document produced by another party reasonably appears, on its face, to be a Protected Document:

    (i)    the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it may be privileged or otherwise protected from disclosure; (B) promptly notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; and (C) specifically identify the Protected Documents by Bates number range or hash value. Notwithstanding the preceding, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potential Protected Documents.

    (ii)    If the Producing Party intends to assert a claim of privilege or other protection over documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other

5

protection.  In such case, the claw-back procedures set forth in sub-paragraph 7(d)(ii) below shall apply. However, in the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Protected Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d)     If, during the course of this litigation, a party determines it has inadvertently produced a Protected Document:

   (i)     the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In

the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Protected Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(ii) The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e) To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in sub-paragraphs 7(c)(ii) and 7d(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its

7

inadvertent production, it must take reasonable steps to retrieve it in accordance with Fed. R. Civ. P. 26(b)(5)(B).

(f)    The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the parties agree that neither may argue that:

(i)    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii)   the disclosure of the Protected Documents was not inadvertent;

(iii)  the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv)   the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g)    Either party may submit Protected Documents to the Court for *in camera* review and determination of the claim of privilege or other protection.   The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's order.

(h)     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within ten (10) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i)     Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j)     By operation of this Court Order, the parties are specifically afforded the protections of FRE 502(d) and (e).

## Who May Receive Confidential Material

8.     *Confidential Material.*   Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses

9

in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

9.     *[Intentionally Omitted].*

10.     *Restriction on Disclosure to Direct Competitors.* Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation, unless such person is a fact witness in the case and the disclosure is made for the purpose of interviewing or taking testimony from such person.   If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

11.     *Persons Receiving Confidential Material.* Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order.

12.     *Duties in the Event of Unauthorized Disclosures.*  The Receiving Party shall, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Material, or any other breach or threatened breach of the provisions of this Order, promptly notify counsel for the Producing Party.   The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the Producing Party to understand and take appropriate steps.   Each party and its

counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information.

**Authorized Uses of Confidential Material**

13.     Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

14.     Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

**Challenges to the Designation of Confidential Material**

15.     In the event that a Receiving Party disagrees at any point in these proceedings with any designation of confidentiality, such party must notify the Producing Party of its objection in writing and stating with particularity the grounds of the objection. The parties shall then meet and confer in good faith in an attempt to resolve the dispute within ten (10) days of the date the written objection is made. If the dispute cannot be resolved, the party objecting to the designation may request a conference with the Court for appropriate relief. The Producing Party shall bear the burden of establishing that the objecting party is not entitled to such relief and that the designation of confidentiality was appropriate. During the pendency of any such challenge, the designated document shall continue to be treated as "Confidential Material" subject to the provisions of this Order.

**Withholding of Information**

16.     *Non-relevant Attachments*.   The parties will not produce non-relevant attachments that are attached to relevant emails.   When an attachment is withheld, either for privilege or non-responsiveness, the Producing Party shall produce a one-page TIFF image (or PDF if production format dictates) in place of the withheld attachment, correspondingly stating "Attachment Withheld-Privileged" or "Attachment Withheld-Nonresponsive," and bearing a sequential Bates number within the family Bates range.   If any attachment to an email contains responsive content, then the cover email shall be produced for context, regardless of the cover email's responsiveness. The cover email may be redacted in part to remove sensitive information, as described below.

17.     *Redactions*.   The parties may redact: (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people. Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed. The parties will log all redactions on their privilege logs.

12

**Confidential Material In Filings, Hearings, and Trial**

18.     *Confidential Material in Filings.*  Any documents (including briefs), tangible things, or information designated as Confidential Material that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases. For documents filed other than during a hearing or trial, as a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files.

19.     *Manner of Sealing.*  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file a document under seal shall first consult with the counsel for the party who designated the document as Confidential Material to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information. The parties should refrain from sealing an entire document when only certain information is confidential. A party seeking to file a document under seal must follow the specific procedures described in the Court's Procedures for Electronic Filing under Seal in Civil Cases, including Section II(J) of Appendix H to the Local Rules for the Northern District of Georgia.

13

20.     *Confidential Material in Hearings and Trial.*  The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action.  Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the Producing Party of the intent to use the Confidential Material so that the Producing Party may seek an appropriate Court Order to protect the Confidential Material.

**Continuing Effect of this Order and Duty to Destroy**

21.     This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals.

22.     All "Confidential Material" shall be returned as follows:

a)      Within thirty (30) days of the conclusion of the Litigation, and subject to sub-paragraphs 22(d) and 22(e) below, all "Confidential Material," including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the Producing Party.  In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each party shall certify to counsel for the opposing party, in writing, that any and all such "Confidential Material," including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and

14

readable reports or output from the physical medium by which data was transmitted, produced by the opposing party, has been destroyed.

b)    If "Confidential Material" is furnished to outside experts or consultants pursuant to paragraph 8, the attorney for the party using such expert or consultant shall have the responsibility of directing the expert or consultant to return or destroy all "Confidential Material," including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, which was received by or disclosed to the expert or consultant, and shall certify in writing that such direction was given. The party shall be responsible for the expert or consultant's compliance with the instruction to return or destroy the Confidential Information.

c)    If "Confidential Material" has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such "Confidential Material" (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

d)    Counsel of record for the parties may retain copies of any part of the "Confidential Material" produced by others that has become part of counsel's official file of this litigation as well as abstracts or summaries of materials that reference "Confidential

Material" that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Order.

e)      The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any "Confidential Material" to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any "Confidential Material" is not returned or destroyed due to the foregoing reasons, such "Confidential Material" shall remain subject to the confidentiality obligations of this Order.

## Procedure if Confidential Material Is Required to be Produced

23.     If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the Producing Party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the Producing Party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of

16

competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

**Application of this Order to Productions by Third Parties**

24.     This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as Confidential Material.

25.     If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

26.     In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

27.     The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

28.     This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **WANDA PATTERSON,** | |
| **Plaintiff,** | |
| **vs.** | **Civil Action No. 1:23-cv-03321-SEG-CCB** |
| **DELTA AIR LINES, INC.,** | |
| **Defendants.** | |

**~~DEFENDANT'S PROPOSED~~ CONFIDENTIALITY & PROTECTIVE ORDER**

~~The parties have agreed to and have submitted to the Court, and for~~For good cause shown~~,~~, the Court hereby enters~~,~~ the following Confidentiality & Protective Order:

1.      This Order shall govern the disclosure of materials designated as "**Confidential Material**" in this litigation. ~~Confidential Material, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including but not limited to, documents or items produced during discovery, all copies thereof, and the information contained in such material.~~ Nothing in this Order shall constitute a waiver of any applicable privilege or objection to a discovery request propounded by the opposing party.

**~~Definitions~~Definition of Confidential Material**

2.      Confidential Material, as used in this Order, ~~consists of~~includes without limitation the following materials and categories of materials produced in any medium by

1

any party or non-party to this action, including all originals, copies, drafts, and revisions thereof and information contained therein:

> a. Materials relating to any privileged, confidential, or nonpublic non-public information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; training materials; claim/litigation information; and nonpublic policies and procedures shall be deemed Confidential personal identifying information (*e.g.*, social security numbers, home addresses, phone numbers, email addresses); non-party personnel files and employment documents; non-party medical information; and non-public policies and procedures.

> b. Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; non-party personnel files and employment documents; non-party medical information; and customer related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

> c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, and if the producing party believes that it does, it will identify these materials to the receiving party and the parties , in which event the parties shall meet and confer in good faith, and, if unsuccessful, the producing party shall move the Court for appropriate relief.

The parties shall not designate as confidential information that is already public knowledge.

2

3.     The parties agree that such Confidential Material as described in paragraph 2 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

**Procedure for Designating Information as Confidential**

4.     To designate information as confidential, the producing party ("**Producing Party**") shall mark Confidential Material with the legend "CONFIDENTIAL." or "HIGHLY The Producing Party shall designate as "CONFIDENTIAL—ATTORNEYS' EYES ONLY." The " only material which the Producing Party reasonably and in good faith believes is Confidential Material and entitled to protection under this Order. The receiving party ("**Receiving Party**") may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made. The parties must abide by the following specific designation procedures, as applicable:

> a. Information on a disk or other electronic format (*e.g.*, a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.
>
> b. Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at

the deposition as confidential by notifying the court reporter and other parties in writing, within ten (10) days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 10-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony.  During such 10-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" legend to the designated pages and segregate them as appropriate.

5.     A producing partyThe Producing Party may change the confidentiality designation of materials it has produced, as follows: (1) The producing partyProducing Party must give the receiving partiesReceiving Party written notice of the change by identifying the documents or information at issue. Once, and once such notice is given, the receiving partyReceiving Party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation.; (2) Within a reasonable period after giving notice, the producing partyProducing Party must reproduce the documents or information in a format that contains the new designation.; (3) If such information has been disclosed to persons not qualified pursuant to paragraph 9 and 10 below, the party who disclosed such information shall (a) advise such persons that the material is Confidentialconfidential; and (b) request the recipient of any inadvertent disclosure return and/or destroy the previously disclosed Confidential Material.

**Information Security Protections**

6.     If the Receiving Party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Material, the Receiving Party shall promptly notify the DesignatingProducing Party of any such breach

or suspected breach and ~~reasonably~~ identify the scope of the breach or ~~suspect~~suspected

breach to the extent known by the Receiving Party, in accordance with paragraph 12 below.

~~Clawback~~**Claw-back Provisions**

7.      Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree to and

the Court orders protection of privileged and otherwise protected documents (**"Protected**

**Documents"**) against claims of waiver (including as against third parties and in other

federal and state proceedings) as follows:

(a)     The inadvertent disclosure or production of ~~documents~~Protected

Documents by a ~~producing party subject to a legally recognized claim of~~

~~privilege, including without limitation the attorney client privilege and the~~

~~work product doctrine, to a receiving party,~~Producing Party shall in no

way constitute the voluntary disclosure of such document.

(b)     The inadvertent disclosure or production of any ~~document~~Protected

Document in this action shall not result in the waiver of any privilege,

evidentiary protection or other protection associated with such

document as to the ~~receiving party~~Receiving Party or any third parties,

and shall not result in any waiver, including subject matter waiver, of

any kind.

(c)     If, during the course of this litigation, ~~a party determines that~~ any

document produced by another party ~~is or may~~reasonably ~~be~~

~~subject~~appears, on its face, to ~~a legally recognizable privilege or~~

~~evidentiary protection ("~~be a Protected Document~~").~~:

5

(i)      the ~~receiving party~~Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it ~~is~~may be privileged or otherwise protected from disclosure;  (B) ~~immediately~~promptly notify the ~~producing party~~Producing Party in writing that it has discovered documents believed to be privileged or protected; and (C) specifically identify the Protected Documents by Bates number range or hash value~~, and, (D) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party.~~. Notwithstanding~~,~~ the ~~receiving party~~preceding, the Receiving Party is under no obligation to search or review the ~~producing party's~~Producing Party's documents to identify ~~potentially privileged or work product~~potential Protected Documents.

(ii)     If the ~~producing party~~Producing Party intends to assert a claim of privilege or other protection over ~~Documents~~documents identified by the ~~receiving party~~Receiving Party as Protected Documents, the ~~producing party~~Producing Party will, within ten (10) days of receiving the ~~receiving party's~~Receiving Party's written notification described above, inform the ~~receiving party~~Receiving Party of such intention in writing and shall provide the ~~receiving party~~Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  ~~In~~In such case, the claw-back procedures set forth in sub-paragraph 7(d)(ii) below shall apply. However, in the event that any portion of a Protected Document does not contain privileged or protected information, the ~~producing party~~Producing Party shall also provide to the ~~receiving party~~Receiving Party a redacted copy of the ~~document~~Protected Document that omits the information that the ~~producing party~~Producing Party believes is subject to a claim of privilege or other protection.

(d)     If, during the course of this litigation, a party determines it has inadvertently produced a Protected Document:

7

(i)     the ~~producing party~~Producing Party may notify the ~~receiving party~~Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing~~;~~, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The ~~producing party's~~Producing Party's written notice will identify the Protected Document inadvertently produced by ~~bates~~Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the ~~receiving party~~Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the ~~producing party~~Producing Party shall also provide to the ~~receiving party~~Receiving Party a redacted copy of the Protected Document that omits the information that the ~~producing party~~Producing Party believes is subject to a claim of privilege or other protection.

(ii)    The ~~receiving party~~Receiving Party must, within ten (10) days of receiving the ~~producing party's~~Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the ~~receiving party~~Receiving Party, the ~~receiving party~~Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e)    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the ~~receiving party~~Receiving Party prior to the date of receipt of written notice by the ~~producing party~~Producing Party as set forth in ~~sub-~~paragraphs ~~7~~(c)(ii) and ~~d7d~~(i), then the ~~receiving party~~Receiving Party shall sequester such documents until the claim has been resolved. If the ~~receiving party~~Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it~~.~~ in accordance with Fed. R. Civ. P. 26(b)(5)(B).

(f)  The ~~receiving party's~~Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the parties agree that neither may argue that:

(i)  the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii)  the disclosure of the Protected Documents was not inadvertent;

(iii)  the ~~producing party~~Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv)  the ~~producing party~~Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g)  Either party may submit Protected Documents to the Court for *in camera* review and determination of the claim of privilege or other protection.  The ~~producing party~~Producing Party shall preserve the Protected Documents until such claim is resolved.  The ~~receiving party~~Receiving Party may not use the Protected Documents for any purpose absent this Court's ~~Order~~order.

(h)     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the ~~receiving party~~Receiving Party, the Protected Documents shall be returned or destroyed within ~~10 (~~ten (10) days of the Court's order.  The Court may also order the identification by the ~~receiving party~~Receiving Party of Protected Documents by search terms or other means.

(i)      Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j)      By operation of ~~the parties' agreement and~~this Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).


## Who May Receive Confidential ~~and Highly Confidential~~ Material

8.      *Confidential Material.*   Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is

11

necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action.

9.    *Highly Confidential—Attorneys' Eyes Only Material.* Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action. 9.    *[Intentionally Omitted].*

10.    *Restriction on Disclosure to Direct Competitors.* Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation, unless such person is a fact witness in the case and the disclosure is made for the purpose of interviewing or taking testimony from such person.  If a receiving party Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the receiving party's Receiving Party's counsel must confer with counsel for the producing party Producing Party.

11.    *Persons Receiving Confidential Material.* Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to the existence of this Order and shall provide all such persons (other than the Court and its staff) with a copy of this Order.

12

12.     *Duties in the Event of Unauthorized Disclosures.*  ~~It~~The Receiving Party shall ~~be the obligation of counsel~~, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Material, or any other breach or threatened breach of the provisions of this Order, ~~to~~ promptly notify counsel for the ~~producing party~~Producing Party.  The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the ~~producing party~~Producing Party to understand and take appropriate steps.  Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information.  ~~This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.~~

**Authorized Uses of Confidential Material**

13.     Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

14.     Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

**Challenges to the Designation of Confidential Material**

15.     ~~Any party or interested member of~~In the ~~public may move the Court to modify the event that a Receiving Party disagrees at any point in these proceedings with any~~

13

designation of ~~any documents or information produced in this litigation (either to include additional protection with respect to~~ confidentiality ~~or to remove a confidential designation).~~ ~~Before making,~~ such ~~a motion, the party or an interested member~~party must notify the Producing Party of its objection in writing and stating with particularity the grounds of the ~~public~~objection. The parties shall ~~first~~ then meet and confer in good faith in an attempt to resolve ~~such~~the dispute ~~with~~ within ten (10) days of the ~~producing party's counsel.  Pending resolution of any challenges to~~date the written objection is made. If the dispute cannot be resolved, the party objecting to the designation may request a conference with the Court for appropriate relief. The Producing Party shall bear the burden of establishing that the objecting party is not entitled to such relief and that the designation of ~~documents or information, the material at issue~~confidentiality was appropriate. During the pendency of any such challenge, the designated document shall continue to be treated as "Confidential Material ~~until ordered otherwise by the Court.  The burden shall be on the party seeking to modify the designation to show that the producing party's designation is inappropriate.~~ " subject to the provisions of this Order.

**Withholding of Information**

16.  *Non-relevant Attachments*.  The parties will not produce non-relevant attachments that are attached to relevant emails.  When an attachment is withheld, either for privilege or non-responsiveness, the ~~producing party~~Producing Party shall produce a one-page TIFF image (or PDF if production format dictates) in place of the withheld attachment, correspondingly stating "Attachment Withheld-Privileged" or "Attachment

Withheld-Nonresponsive," and bearing a sequential ~~BATES~~Bates number within the family ~~BATES~~Bates range.  If any attachment to an email contains responsive content, then the cover email shall be produced for context, regardless of the cover email's responsiveness. The cover email may be redacted in part to remove sensitive information, as described below.

17.   *Redactions*.   The parties may redact: (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (*e.g.*, protected personal information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people. Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed. The parties will log all redactions on their privilege logs.

**Confidential Material In Filings, Hearings, and Trial**

18.    ~~*Confidential Material in Filings*.   Without written permission from the producing party or court order secured after appropriate notice to all interested persons, a party may not file Confidential Material in the public record in this action (or in any other action, such as an appeal). A party that seeks to file under seal any Confidential Material must comply with the applicable local rules of the Northern District of Georgia or any applicable orders of the Court. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.~~

~~19.    *Manner of Sealing*.   In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court or as described in paragraph 18 above, they shall be filed in an envelope bearing the following designation when deposited:~~

~~**CONFIDENTIAL**~~

~~IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN THIS CASE, OR TO PERSONS ASSISTING THOSE ATTORNEYS.~~18.    *Confidential Material in Filings.*  Any documents (including briefs), tangible things, or information designated as Confidential Material that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases. For documents filed other than during a hearing or trial, as a general matter, this Court will seal only those items enumerated in the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files.

16

19.     *Manner of Sealing.*   Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file a document under seal shall first consult with the counsel for the party who designated the document as Confidential Material to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. As further clarification, the Court notes that a mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information. The parties should refrain from sealing an entire document when only certain information is confidential. A party seeking to file a document under seal must follow the specific procedures described in the Court's Procedures for Electronic Filing under Seal in Civil Cases, including Section II(J) of Appendix H to the Local Rules for the Northern District of Georgia.

20.     *Confidential Material in Hearings and Trial.*   The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Confidential Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action.  Prior to using Confidential Material or the information contained therein at any hearing that is open to the public, the party seeking to use the Confidential Material must give at least seven (7) days advance notice to the ~~producing party~~Producing Party of

the intent to use the Confidential Material so that the ~~producing party~~Producing Party may seek an appropriate Court Order to protect the Confidential Material.

**Continuing Effect of this Order and Duty to Destroy**

21.     This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals.

22.     All "Confidential Material" ~~or "Highly Confidential Attorneys' Eyes Only Material" Information~~ shall be returned as follows:

a)     Within thirty (30) days of the conclusion of the Litigation, and subject to sub-paragraphs 22(d) and 22(e) below, all "Confidential Material~~" or "Highly Confidential Material Attorneys' Eyes Only Material" Information,~~," including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the ~~producing party.~~Producing Party.  In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each party shall certify to counsel for the opposing party, in writing, that any and all such "Confidential Material~~" or "Highly Confidential Material Attorneys' Eyes Only Material" Information,~~," including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, produced by the opposing party, has been destroyed.

b)     If "Confidential Material" ~~Highly Confidential Attorneys' Eyes Only Material" Information~~ is furnished to outside experts or consultants pursuant to

~~paragraphs~~paragraph 8 ~~and 9~~, the attorney for the party using such expert or consultant shall have the responsibility of directing the expert or consultant to return or destroy all "Confidential Material~~" or "Highly Confidential Attorneys' Eyes Only Material"~~ ~~Information,~~" including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, which was received by or disclosed to the expert or consultant, and shall certify in writing that such direction was given. The party shall be responsible for the expert or consultant's compliance with the instruction to return or destroy the Confidential Information.

c)    If "Confidential Material"~~ or "Highly Confidential Attorneys' Eyes~~ ~~Only Material" Information~~ has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such "Confidential Material" ~~or "Highly Confidential Attorneys' Eyes Only Material" Information~~ (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

d)    Counsel of record for the parties may retain copies of any part of the "Confidential Material" ~~or "Highly Confidential Attorneys' Eyes Only Material" Information~~ produced by others that has become part of counsel's official file of this litigation as well

as abstracts or summaries of materials that reference "Confidential Material" ~~or "Highly Confidential – Attorneys' Eyes Only Material" Information~~ that contain counsel's mental impressions or opinions.  Such copies shall remain subject to the terms of this ~~Protective~~ Order.

       e)     The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any "Confidential Material" ~~or "Highly Confidential – Attorneys' Eyes Only Material" Information~~ to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any "Confidential Material" ~~or "Highly Confidential – Attorneys' Eyes Only Material" Information~~ is not returned or destroyed due to the foregoing reasons, such "Confidential Material" ~~or "Highly Confidential – Attorneys' Eyes Only Material"~~ shall remain subject to the confidentiality obligations of this ~~Protective~~ Order.

**<u>Procedure if Confidential Material Is Required to be Produced</u>**

     23.    If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the ~~receiving party~~Receiving Party, the ~~receiving party~~Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt

of such Demand to the ~~party~~Producing Party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the ~~party~~Producing Party or non-party who produced or designated the material as Confidential Material. Compliance by the ~~receiving party~~Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

**Application of this Order to Productions by Third Parties**

24.    This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as Confidential ~~or Highly Confidential – Attorneys' Eyes Only.~~Material.

25.    If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

26.    In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

27.     The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

28.     ~~Once executed by all parties, the Order shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.~~ 28.     This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

22